THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ANTHONY PALMIERI, | CASE NO. C22-1865-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DEBRA NOSTDAHL, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss. (Dkt. No. 9.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff Anthony Palmieri filed this action *pro se* against Defendants Debra Nostdahl, a Revenue Officer with the Internal Revenue Service ("IRS"), and Charles Rettig, a former IRS Commissioner. (*See* Dkt. No. 4 at 2.) Plaintiff's claims stem from his attempt to "get a new passport book" from the Guangzhou U.S. Consulate in China. (*Id.* at 7.) He was denied a new passport and his prior passport was confiscated due to a delinquent tax debt. (*Id.* at 2.) Prior to this incident, he asserts that he had not received any notice of this debt. (*Id.* at 2.) Plaintiff also makes an argument that he is not a United States taxpayer but is a citizen of New York. (*Id.* at 1.) In opposition, the United States argues that the Court lacks subject matter jurisdiction, that the

complaint fails to state a claim, and that Plaintiff failed to properly serve the United States. (*See generally* Dkt. No. 9)

## II.   DISCUSSION

Jurisdiction is a threshold issue; without it, the Court cannot adjudicate the claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Under the doctrine of sovereign immunity, "[t]he district court lacks jurisdiction in a suit against the federal government unless Congress has consented to be sued." *S. Delta Water Agency v. U.S., Dep't of Int., Bureau of Reclamation*, 767 F.2d 531, 535 (9th Cir. 1985). Congress is judged to have given consent "only when a statute 'unmistakabl[y]' allows it." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) (alteration in original) (quoting *FAA v. Cooper*, 566 U.S. 284, 291 (2012)).

Here, Plaintiff has listed various federal statutes and provisions of the United States Constitution. (*See* Dkt. No. 4 at 3.) However, only two statutes could plausibly be read as a waiver of sovereign immunity: 42 U.S.C. § 1983 and 26 U.S.C. § 7345.[1] Even so, neither pathway can fairly be read to waive sovereign immunity.

First, Plaintiff's constitutional claims stemming from the confiscation of his passport are asserted under § 1983 as a *Bivens*[2] claim. (*See* Dkt. No. 4 at 5–6, 11–12.) However, *Bivens* relief is unavailable for actions against IRS officials engaged in the *auditing*, *assessment*, or collection of taxes. *Adams v. Johnson*, 355 F.3d 1179, 1188 (9th Cir. 2004) (emphasis added).

Second, Plaintiff's statutory claims offer limited relief. Indeed, upon receiving

---

[1] Plaintiff did not assert jurisdiction under 26 U.S.C. § 7422, but the Court notes that, to the degree that this statute waives sovereign immunity, Plaintiff has not asserted that he has met the statutory requirements of the section and is barred from claiming sovereign immunity under this statute. *See, e.g.*, *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1089 (9th Cir. 2007).

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

certification that an individual has a "seriously delinquent tax debt," the Secretary of the Treasury may transmit that certification to the Secretary of State for action with respect to denial, revocation, or limitation of a passport. 26 U.S.C. § 7345(a). And while district courts may have jurisdiction over suits brought against the United States "to determine whether the certification was erroneous or whether the Commissioner has failed to reverse the certification," the only relief they can provide is to "order the Secretary to notify the Secretary of State that such certification was erroneous." 26 U.S.C. § 7345(e). This power does not extend to the wholesale review of underlying liabilities. Consequently, Plaintiff petitions the Court for relief that the statute does not empower it to grant. (*See generally* Dkt. No. 4 at 24–26.) Indeed, none of Plaintiff's arguments turn on whether the Commissioner erroneously certified the debt as seriously delinquent. *See Adams*, 2023 WL 368464, at 7.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 9) is GRANTED. Plaintiff's claims are dismissed with prejudice.

DATED this 9th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE